**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANE DOES PLAINTIFFS 1–13, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOE, AI COMPANIES 1–10, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 5:26-cv-04120<br><br>(Judge Schmehl) |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants W.D. (a minor by and through parents B.D. and D.D), B.D., and D.D., by and through their counsel, Heidi R. Freese, Esquire, Michael P. Leahey, Esquire, and Madelyn R. Snyder, Esquire, of Tucker Arensberg, P.C., in answer to the Complaint (doc. 1), state as follows, using numbered paragraphs that correspond to the numbered paragraphs of the Complaint:

1. Denied as stated. It is admitted that W.D. submitted photographs of certain students at Lancaster Country Day School ("LCDS") to AI image-generation platforms to create the illusion of nudity such that the subjects in the resulting image appeared to be in a state of undress (hereafter, "the AI-generated images"). It is specifically denied that the AI-generated images can accurately be categorized as deepfakes and that the images were "circulated" within the school community. As to the source(s) of the photographs submitted to the AI image-generation platforms, because the Plaintiffs' identities are unknown, W.D., B.D., and D.D. lack knowledge

or information sufficient to form a belief as to the truth of any allegations regarding the source of the photographs uploaded into the AI image-generation platforms, and therefore deny all allegations regarding the same, including any allegation that the photographs were not publicly available. Because Defendants are without sufficient knowledge or information to understand the exact mechanics of how AI Images are created and it is unknown whether any of the source image remained unaltered, characterizations of the images' depictions are denied.

2. Denied. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in Paragraph 2 of Plaintiffs' Complaint. As such, these averments are denied in their entirety and strict proof thereof is demanded at the time of trial.

3. The averments contained in Paragraph 3 of Plaintiff's Complaint are directed at persons or entities other than these Defendants and, as such, no response is required. To the extent a response is deemed necessary these averments are denied.

4. Denied. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in Paragraph 4 of Plaintiffs' Complaint. As such, these averments are denied in their entirety and strict proof thereof is demanded at the time of trial.

5. Denied. It is specifically denied that W.D., B.D., or D.D. caused harm to the plaintiffs and that W.D., B.D., or D.D. are liable to the plaintiffs for any claimed injuries or damages.

*THE PARTIES*

*A. Plaintiffs*

6. Denied. Despite the request of undersigned counsel, the identities of the Jane Doe Plaintiffs and their parents have been withheld. As such, Defendants are unable to meaningfully respond to the allegations of the Complaint as they pertain to any of these Plaintiffs.

7. Denied. Despite the request of undersigned counsel, the identities of the Jane Doe Plaintiffs and their parents have been withheld. As such, Defendants are unable to meaningfully respond to the allegations of the Complaint as they pertain to any of these Plaintiffs.

*B. Defendants*

8. The averments contained in Paragraph 8 of Plaintiffs' Complaint are directed to persons or entities other than these Defendants and, as such, no response is required. To the extent a response is deemed necessary, the allegations are admitted in part and denied in part. It is admitted that LCDS is a private school at the alleged address. As to all remaining allegations in this paragraph, W.D., B.D.,

and D.D. lack knowledge or information sufficient to form a belief thereof, including the plaintiff's identities, and, therefore, deny the same.

9. The averments contained in Paragraph 9 of Plaintiffs' Complaint are directed to persons or entities other than these Defendants and, as such, no response is required. To the extent a response is deemed necessary, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, deny the same.

10. The averments contained in Paragraph 10 of Plaintiffs' Complaint are directed to persons or entities other than these Defendants and, as such, no response is required. To the extent a response is deemed necessary, it is admitted that N.S. was a minor student at LCDS in the 2023–2024 academic year and that the plaintiffs purport to bring suit against N.S., W.S., and K.S., in the manner and for the claims described.

11. Admitted in part and denied in part. It is admitted that W.D. is a minor male who was a student at LCDS in the 2023–2024 academic year, that the plaintiffs purport to bring claims against W.D. by and through his parents and natural guardians, B.D. and D.D., and that the plaintiffs use initials for the purported reason of protecting the identity of W.D. It is denied that W.D., D.D., or B.D. are liable to the plaintiffs for any of their claims.

12. Admitted in part and denied in part. It is admitted that the plaintiffs purport to bring claims against 10 unnamed AI Companies and that W.D. used AI image-generation platforms to create the AI-generated images. It is denied that any AI-generated images are "deepfakes" and that the AI-generated images were "disseminated" outside of N.S. and W.D.'s private communications, except for a single AI-generated image which was accidentally and temporarily shared to a small group of other students. Because the Student Plaintiffs' identities are unknown, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegation that any AI-generated image containing the likeness of any Student Plaintiff was shared outside of N.S. and W.D.'s private communications, and therefore deny the same. As to all remaining allegations in this paragraph, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof and, therefore, deny the same.

*JURISDICTION AND VENUE*

13. This paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are admitted in part and denied in part. It is admitted that the plaintiffs purport to bring federal claims in their complaint. It is denied that W.D., D.D., or B.D. are liable for any of the plaintiffs' claims.

14. This paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are admitted in part and denied in part. It is admitted that the plaintiffs purport to bring state law claims under this Court's supplemental jurisdiction. It is denied that W.D., D.D., or B.D. are liable for any of the plaintiffs' claims.

15. The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are admitted in part and denied in part. It is admitted that W.D., D.D., and B.D. reside in this district. As to all remaining allegations in this paragraph, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof and, therefore, deny the same.

## *FACTUAL ALLEGATIONS*

### *A. Lancaster Country Day School and Its Mandatory Reporting Obligations*[1]

16. Admitted in part and denied in part. It is admitted that Lancaster Country Day School is a private, college-preparatory school with teachers, administrators, counselors, and other staff as employees who engage with students. W.D., B.D., and D.D. lack sufficient knowledge or information to form a belief as to

[1] This title is taken verbatim from the Complaint. Its inclusion here is not an admission but rather a tool used to organize the Answer in the same manner as the Complaint is organized.

the truth of the remaining allegations and characterizations in this paragraph and, therefore, deny the same.

17. The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent a response is deemed to be required, W.D., B.D., and D.D. lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

18. The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent a response is deemed to be required, W.D., B.D., and D.D. lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

19. To the extent that the allegations in this paragraph set forth a legal conclusion, no response is required. To the extent a response is required, the allegations in this paragraph are admitted in part and denied in part. It is admitted that LCDS participates in Pennsylvania's Safe2Say Something program. As to the remaining allegations in this paragraph, W.D., B.D., and D.D. lack sufficient knowledge or information to form a belief as to the truth thereof and, therefore, deny the same.

*B. The Safe2Say Tip and the School's Failure to Report*[2]

20. Admitted in part and denied in part. It is admitted that W.D. matriculated to LCDS as a mid-year admit during the 2021–2022 academic year. All other allegations contained in this paragraph are denied. It is specifically denied that W.D. had a history of behavioral issues. All other allegations in this paragraph are denied because W.D., B.D., and D.D. lack sufficient information or knowledge to form a belief as to the truth thereof.

21. Admitted in part and denied in part. It is admitted that W.D. received one suspension in the spring semester of academic year 2023–2024 for making a social media post using a slur. It is denied that W.D. had continued misbehavior and that the above-described single suspension constitutes an example of a larger behavioral problem rather than as a single instance of misbehavior during W.D.'s more than two years as an LCDS student.

22. Admitted in part and denied in part. It is admitted that in or about November 2023, W.D. input photographs of other LCDS students into AI image-generation platforms to create the illusion of nudity. As to the source(s) of the photographs submitted to the AI image-generation platforms, because the Plaintiffs' identities are unknown, W.D., B.D., and D.D. lack knowledge or information

[2] This title is taken verbatim from the Complaint. Its inclusion here is not an admission but rather a tool used to organize the Answer in the same manner as the Complaint is organized.

sufficient to form a belief as to the truth of any allegations regarding the source of the photographs uploaded into the AI image-generation platforms, and therefore deny all allegations regarding the same, including any allegation that the photographs were not publicly available. It is further denied that the AI-generated images can fairly be described as deepfakes or were sexually explicit. It is also denied that the images were "distributed" outside of N.S. and W.D.'s private communications, except for a single AI-generated image which was accidentally and temporarily shared to a small group of other students. Because the Student Plaintiffs' identities are unknown, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegation that any AI-generated image containing the likeness of any Student Plaintiff was shared outside of N.S. and W.D.'s private communications, and, therefore, deny the same.

23. Admitted in part and denied in part. It is admitted that W.D. input source images of LCDS students into AI image-generation platforms which generated images creating the illusion of nudity. As to the source(s) of the photographs submitted to the AI image-generation platforms, because the Plaintiffs' identities are unknown, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of any allegations regarding the source of the photographs uploaded into the AI image-generation platforms, and therefore deny all allegations regarding the same, including any allegation that the

photographs were not publicly available. It is further denied that the AI-generated images can fairly be described as deepfakes and that the AI-generated images were "disseminated" outside of N.S. and W.D.'s private communications, except for a single AI-generated image which was accidentally and temporarily shared to a small group of other students. Because the Student Plaintiffs' identities are unknown, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegation that any AI-generated image containing the likeness of any Student Plaintiff was shared outside of N.S. and W.D.'s private communications, and therefore deny the same.

24. Admitted.

25. Denied. Specifically, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, deny the same.

26. Admitted in part and denied in part. It is admitted that W.D. was interviewed by a LCDS employee and denied that he was creating AI-generated images. As to all remaining allegations in this paragraph, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof and, therefore, deny the same.

27. Admitted in part and denied in part. It is admitted that LCDS did not review any of W.D.'s electronic devices in November 2023. As to all remaining

allegations in this paragraph, W.D., B.D., and D.D. lack sufficient knowledge or information to form a belief as to the truth thereof and, therefore, deny the same.

28. Denied. It is specifically denied that W.D., B.D., or D.D. caused harm to the plaintiffs. Further, it is denied that the AI-generated images were "distributed" outside of N.S. and W.D.'s private communications, except for a single AI-generated image which was accidentally and temporarily shared to a small group of other students. Because the Student Plaintiffs' identities are unknown, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegation that any AI-generated image containing the likeness of any Student Plaintiff was shared outside of N.S. and W.D.'s private communications, and therefore deny the same.

*C. Continued Abuse During the School's Period of Inaction*[3]

29. Admitted in part and denied in part. It is admitted that during the period from November 2023 through May 2024, W.D. input source images of LCDS students into AI image-generation platforms which generated images creating the illusion of nudity. As to the source(s) of the photographs submitted to the AI image-generation platforms, because the Plaintiffs' identities are unknown, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of any

[3] This title is taken verbatim from the Complaint. Its inclusion here is not an admission but rather a tool used to organize the Answer in the same manner as the Complaint is organized.

allegations regarding the source of the photographs uploaded into the AI image-generation platforms, and therefore deny all allegations regarding the same, including any allegation that the photographs were not publicly available. It is further denied that the AI-generated images could be classified as "deepfakes."

30. To the extent that this paragraph contains a legal conclusion, no response is required. To the extent that a response is required, the allegations in this paragraph are admitted in part and denied in part. It is admitted that W.D. input source images of LCDS students into AI image-generation platforms which generated approximately 350 images creating the illusion of nudity. W.D., B.D. and D.D. lack sufficient knowledge or information regarding the exact mechanism by which artificially generated photographs are created but based upon their understanding it is denied that any portion of the undressed "body" came from the source photographs or any individual person. Because W.D., B.D., and D.D. do not know the identities of the Student Plaintiffs, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth that dozens of images were created as to any of the Student Plaintiffs and therefore deny the same. It is further denied that the images can fairly be described as "deepfakes." It is also specifically denied that the images created satisfy the relevant statutory definitions of child sexual abuse material.

31. Admitted in part and denied in part. It is admitted that W.D. and N.S. shared the AI-generated images in their private communications and that one single AI-generated image was accidentally and temporarily shared to a small group of other students in a Discord chat. Because the identities of the Plaintiffs are unknown to Defendants, it is unknown whether the sole image shared on the Discord chat was created using source photographs of any of the Plaintiffs. As such any allegation of distribution of the AI-generated images beyond W.D. and N.S.'s private communications is denied.

32. To the extent that this paragraph sets forth a legal conclusion, no response is required. To the extent that a response is required, the allegations in this paragraph are denied. It is denied that W.D., B.D., or D.D. caused harm to the plaintiffs. As to the remaining allegations contained in this paragraph, because W.D., B.D., and D.D. lack sufficient knowledge or information to form a belief as to their truth, W.D., B.D. and D.D. deny same.

33. Denied. W.D., B.D., and D.D. lack sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, deny the same.

34. Denied. By way of further answer, W.D., B.D., and D.D. specifically deny the characterization of the school as being in a state of acute panic and disruption or the implication that LCDS should have expelled W.D.

35. Denied. By way of further answer, W.D., B.D., and D.D. lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

36. Denied. By way of further answer, it is specifically denied that the AI-generated images fit the definition of "deepfake pornography." As to the remaining allegations in this paragraph, W.D., B.D., and D.D. lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, deny the same.

37. Denied. Because the Plaintiffs' identities are not known to W.D., B.D., and D.D., they lack knowledge or information sufficient to form a belief as to the truth of the assertion that the Plaintiffs went to the Susquehanna Regional Police Department to identify either their own or others' likenesses in the AI-generated images and, therefore, deny the same. It is also specifically denied that the AI-generated images can fairly be described as deepfakes, that the images were "circulated" within the school community, and that W.D., B.D., or D.D. harmed the plaintiffs.

38. Denied. By way of further answer, it is denied that W.D. pleaded guilty to 59 felony counts, rather W.D. was *adjudicated delinquent* in the juvenile courts on 59 counts related to violations of 18 Pa. C.S. § 6312(b)(2) and one count for

conspiracy pursuant to 18 Pa. C.S. § 903, pursuant to W.D.'s admission relating thereto.

*D. The AI Company Defendants*[4]

39. Denied. By way of further answer, because John Doe AI Company is as yet unidentified, W.D., B.D., and D.D. lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same. It is also specifically denied that the AI-generated images fit the definition of deepfakes.

40. Denied. By way of further answer, W.D., B.D., and D.D. lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

41. Denied. By way of further answer, W.D., B.D., and D.D. lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

42. To the extent that this paragraph sets forth a legal conclusion no response is required. To the extent that a response is required, the allegations in this paragraph are denied. By way of further answer, it is denied that W.D., B.D., or D.D. harmed the plaintiffs, and, because W.D., B.D., and D.D. lack sufficient knowledge

---

[4] This title is taken verbatim from the Complaint. Its inclusion here is not an admission but rather a tool used to organize the Answer in the same manner as the Complaint is organized.

or information to form a belief as to the truth thereof, all remaining allegations contained in this paragraph are denied. Further, the allegations in this paragraph are vague in a way that prevents W.D., B.D., and D.D. from being able to form a belief as to the truth thereof because the Complaint does not clarify which the plaintiffs allegedly experienced which injuries, damages, and losses.

## *CAUSES OF ACTION*

### *COUNT I - NEGLIGENCE*
### *(Student Plaintiffs v. N.S. and W.D.)*

43. Defendants W.D., B.D., and D.D. incorporate their responses in the preceding paragraphs as if fully set forth herein.

44. This paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, it is specifically denied that W.D. owed any student a duty of care. It is further denied that the images in question are "sexually explicit" or that the images were of classmates. Finally, it is denied that any harm from the creation of these images was foreseeable.

45. This paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, it is specifically denied that any of the images were "sexually explicit" or could be characterized as "deepfake" images. As to the source(s) of the photographs submitted to the AI image-generation platforms, because the Plaintiffs' identities are unknown, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the

truth of any allegations regarding the source of the photographs uploaded into the AI image-generation platforms, and therefore deny all allegations regarding the same, including any allegation that the photographs were not publicly available. Finally, it is specifically denied that W.D. owed a duty of care to any of his classmates.

46. This paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, the allegations are denied.

*COUNT II - NEGLIGENCE PER SE*
*(Student Plaintiffs v. N.S. and W.D.)*

47. Defendants W.D., B.D., and D.D. incorporate their responses in the preceding paragraphs as if fully set forth herein.

48. This paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, it is specifically denied that any of the images at issue would meet the definition of child sexual abuse material or were "sexually explicit".

49. This paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, the allegations are denied.

50. This paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, the allegations are denied.

51. To the extent that this paragraph sets forth a legal conclusion no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

*COUNT III - CIVIL LIABILITY FOR SEXUAL EXPLOITATION OF A MINOR, 18 U.S.C. § 2255*
*(Student Plaintiffs v. N.S. and W.D.)*

52. Defendants W.D., B.D., and D.D. incorporate their responses in the preceding paragraphs as if fully set forth herein.

53. This paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, it is specifically denied that any of the images in question meet the definition of child pornography or child sexual abuse material. As such, liability under these statutes is specifically denied.

54. To the extent that this paragraph sets forth a legal conclusion, no response is required. To the extent that a response is required, the allegations in this paragraph are denied. By way of further answer, because W.D., B.D., and D.D. do not know the identities of the Student Plaintiffs, W.D., D.D., and B.D. lack sufficient knowledge or information to form a belief as to the truth of the averment that the Student Plaintiffs were minors at all relevant times and therefore deny the same. It is also specifically denied that the images created satisfy the relevant statutory definitions of child sexual abuse material.

55. This paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, liability under the statute set forth in this paragraph is denied.

56. To the extent that this paragraph sets forth a legal conclusion no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

*COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*
*(Student Plaintiffs v. N.S. and W.D.)*

57. Defendants W.D., B.D., and D.D. incorporate their responses in the preceding paragraphs as if fully set forth herein.

58. To the extent that this paragraph sets forth a legal conclusion no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

59. To the extent that this paragraph sets forth a legal conclusion no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

60. To the extent that this paragraph sets forth a legal conclusion no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

*COUNT V - NEGLIGENCE*
*Student Plaintiffs v. the S. Parents and the D. Parents*

61. Defendants W.D., B.D., and D.D. incorporate their responses in the preceding paragraphs as if fully set forth herein.

62. To the extent that this paragraph sets forth a legal conclusion, no response is required. To the extent that a response is required, liability is denied.

63. To the extent that this paragraph sets forth a legal conclusion, no response is required. To the extent that a response is required, the allegations in this paragraph are admitted in part and denied in part. It is admitted that B.D. and D.D. knew that W.D. had access to internet-connected devices. It is denied that there was a history of concerning behaviors warranting any supervision greater than that which B.D. and D.D. provide and that B.D. or D.D.'s supervision of W.D. was inadequate.

64. The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, the allegations in this paragraph are denied. It is specifically denied that B.D. or D.D.'s supervision of W.D. was unreasonable.

65. The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, the allegations in this paragraph are denied. It is specifically denied that B.D. or D.D. caused harm to the Student Plaintiffs.

*COUNT VI - NEGLIGENCE*
*(Student Plaintiffs v. Lancaster Country Day School)*

66. Defendants W.D., B.D., and D.D. incorporate their responses in the preceding paragraphs as if fully set forth herein.

67. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D specifically deny any allegation that they caused harm to the plaintiffs and, because W.D., B.D. and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof, deny all remaining allegations in this paragraph of the Complaint.

68. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. specifically deny that W.D. "disseminated" AI-generated nude images outside of N.S. and W.D.'s private communications, except for a single AI-generated image which was accidentally and temporarily shared to a small group of other students. Because the Student Plaintiffs' identities are unknown, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegation that any AI-generated image containing the likeness of any Student Plaintiff was shared outside of N.S. and

W.D.'s private communications, and therefore deny the same. It is also denied that W.D., B.D., or D.D. caused harm to the plaintiffs, and that W.D. had a known prior history of concerning behaviors. As to all remaining allegations in this paragraph, W.D., B.D., and D.D. lack knowledge of information sufficient to form a belief as to the truth thereof and, therefore, deny the same.

69. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, it is specifically denied that W.D., B.D., or D.D. caused harm to the plaintiffs. As to the remaining allegations in this paragraph, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof and, therefore, deny the same.

*COUNT VII - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS*
*(Student Plaintiffs v. Lancaster Country Day School)*

70. Defendants W.D., B.D., and D.D. incorporate their responses in the preceding paragraphs as if fully set forth herein.

71. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. lack knowledge or information

sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny the same.

72. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. specifically deny that W.D., B.D., or D.D. caused harm to the plaintiffs. As to all remaining allegations in this paragraph, W.D., B.D., and D.D. lack knowledge of information sufficient to form a belief as to the truth thereof and, therefore, deny the same.

73. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. specifically deny that W.D. "disseminated" AI-generated nude images outside of N.S. and W.D.'s private communications, except for a single AI-generated image which was accidentally and temporarily shared to a small group of other students. Because the Student Plaintiffs' identities are unknown, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegation that any AI-generated image containing the likeness of any Student Plaintiff was shared outside of N.S. and W.D.'s private communications, and therefore deny the same. It is also denied that

W.D., B.D., or D.D. caused harm to the plaintiffs, and that W.D. had a known prior history of concerning behaviors. As to all remaining allegations in this paragraph, W.D., B.D., and D.D. lack knowledge of information sufficient to form a belief as to the truth thereof and, therefore, deny the same.

74. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, it is specifically denied that W.D., B.D., or D.D. caused harm to Plaintiffs. As to the remaining allegations in this paragraph, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof and, therefore, deny the same.

75. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, it is specifically denied that W.D., B.D., or D.D. caused harm to the plaintiffs. As to the remaining allegations in this paragraph, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof and, therefore, deny the same.

*COUNT VIII - NEGLIGENCE PER SE*
*(Student Plaintiffs v. Lancaster Country Day School)*

76. Defendants W.D., B.D., and D.D. incorporate their responses in the preceding paragraphs as if fully set forth herein.

77. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore deny the same.

78. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, it is specifically denied that W.D., B.D., or D.D. caused harm to the plaintiffs. As to the remaining allegations in this paragraph, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof and, therefore, deny the same.

79. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. lack knowledge or information

regarding the S2SS tip and the duties of the LCDS S2SS team sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny the same.

80. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. lack knowledge or information regarding the S2SS tip and the duties of the LCDS S2SS team sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny the same.

81. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D specifically deny any allegation that they caused harm to the plaintiffs and, because W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof, deny all remaining allegations in this paragraph of the Complaint.

*COUNT IX - VIOLATION OF TITLE IX*
*(Student Plaintiffs v. Lancaster Country Day School)*

82. Defendants W.D., B.D., and D.D. incorporate their responses in the preceding paragraphs as if fully set forth herein.

83. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny the same.

84. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D. so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny the same.

85. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D. so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, the averments in this paragraph are admitted in part and denied in part. It is admitted that the students whose photos were submitted to the Generative-AI applications were all female. It is denied that W.D. sexually harassed the Student Plaintiffs. As to the remaining allegations contained in this paragraph, W.D., B.D.,

and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof and, therefore, deny the same.

86. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D. so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, it is specifically denied that W.D. sexually harassed the Student Plaintiffs. As to the remaining allegations contained in this paragraph, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof and, therefore, deny the same.

87. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D. so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, it is specifically denied that W.D. sexually harassed the Student Plaintiffs. As to the remaining allegations contained in this paragraph, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof and therefore deny same.

88. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D. so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, it is specifically denied that W.D. sexually harassed the Student

Plaintiffs. As to the remaining allegations contained in this paragraph, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof and therefore deny same.

89. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D. so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, it is specifically denied that W.D. sexually harassed the Student Plaintiffs. As to the remaining allegations contained in this paragraph, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof and therefore deny same.

90. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D specifically deny any allegation that they caused harm to the plaintiffs and, because W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof, deny all remaining allegations in this paragraph of the Complaint.

*COUNT X - CIVIL LIABILITY UNDER 18 U.S.C. § 2255*
*(Student Plaintiffs v. LCDS and John Does AI Companies 1–10)*

91. Defendants W.D., B.D., and D.D. incorporate their responses in the preceding paragraphs as if fully set forth herein.

92. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, deny the same.

93. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D. so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, it is denied that the AI-generated images constitute CSAM and that W.D., B.D., or D.D. harmed the Student Plaintiffs. As to the remaining allegations in this paragraph of the Complaint, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof, therefore, deny the same.

94. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is

deemed to be required, W.D., B.D., and D.D specifically deny any allegation that they caused harm to the plaintiffs. As to the remaining allegations in this paragraph of the Complaint, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof and, therefore, deny the same.

95. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D specifically deny any allegation that they caused harm to the plaintiffs. As to the remaining allegations in this paragraph of the Complaint, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof and, therefore, deny the same.

*COUNT XI - NEGLIGENCE*
*(Student Plaintiffs v. John Doe AI Companies 1–10)*

96. Defendants W.D., B.D., and D.D. incorporate their responses in the preceding paragraphs as if fully set forth herein.

97. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore deny same.

98. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D. so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, it is denied that the AI-generated images constitute CSAM and that W.D., B.D., or D.D. harmed the Student Plaintiffs. As to the remaining allegations in this paragraph of the Complaint, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof, therefore, deny the same.

99. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, deny the same.

100. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D specifically deny that any images created fit the definition of deepfake images and that they caused harm to the plaintiffs. As to all remaining allegations in this paragraph, W.D., B.D., and D.D.

lack knowledge or information sufficient to form a belief as to the truth thereof and, therefore, deny the same.

*COUNT XII - NEGLIGENCE*
*(Parent Plaintiffs v. Defendant Lancaster Country Day School)*

101. Defendants W.D., B.D., and D.D. incorporate their responses in the preceding paragraphs as if fully set forth herein.

102. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore deny same.

103. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore deny same.

104. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. specifically deny that W.D. "disseminated" AI-generated nude images outside of N.S. and W.D.'s private communications, except for a single AI-generated image which was accidentally and temporarily shared to a small group of other students. Because the Student Plaintiffs' identities are unknown, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegation that any AI-generated image containing the likeness of any Student Plaintiff was shared outside of N.S. and W.D.'s private communications, and therefore deny the same. It is also denied that W.D., B.D., or D.D. caused harm to the plaintiffs, and that W.D. had a known prior history of concerning behaviors. As to all remaining allegations in this paragraph, W.D., B.D., and D.D. lack knowledge of information sufficient to form a belief as to the truth thereof and, therefore, deny the same.

105. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D specifically deny any allegation that they caused harm to the plaintiffs and, because W.D., B.D., and D.D. lack knowledge

or information sufficient to form a belief as to the truth thereof, deny all remaining allegations in this paragraph of the Complaint.

106. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D specifically deny any allegation that they caused harm to the plaintiffs and, because W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof, deny all remaining allegations in this paragraph of the Complaint.

*COUNT XIII - NEGLIGENCE PER SE*
*(Parent Plaintiffs v. Defendant Lancaster Country Day School)*

107. Defendants W.D., B.D., and D.D. incorporate their responses in the preceding paragraphs as if fully set forth herein.

108. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore deny same.

109. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D specifically deny any allegation that they caused harm to the plaintiffs and, because W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof, deny all remaining allegations in this paragraph of the Complaint.

110. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D specifically deny any allegation that they caused harm to the plaintiffs and, because W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof, deny all remaining allegations in this paragraph of the Complaint.

111. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D specifically deny any allegation that they caused harm to the plaintiffs and, because W.D., B.D., and D.D. lack knowledge

or information sufficient to form a belief as to the truth thereof, W.D., B.D., and D.D. deny all remaining allegations in this paragraph of the Complaint.

112. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D specifically deny any allegation that they caused harm to the plaintiffs and, because W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof, W.D., B.D., and D.D. deny all remaining allegations in this paragraph of the Complaint.

113. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D specifically deny any allegation that they caused harm to the plaintiffs and, because W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof, W.D., B.D., and D.D. deny all remaining allegations in this paragraph of the Complaint

*COUNT XIV - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS*
*(Parent Plaintiffs v. Defendant Lancaster Country Day School)*

114. Defendants W.D., B.D., and D.D. incorporate their responses in the preceding paragraphs as if fully set forth herein.

115. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore deny same.

116. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D. specifically deny that W.D. "disseminated" AI-generated nude images outside of N.S. and W.D.'s private communications, except for a single AI-generated image which was accidentally and temporarily shared to a small group of other students. Because the Student Plaintiffs' identities are unknown, W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth of the allegation that any AI-generated image containing the likeness of any Student Plaintiff was shared outside of N.S. and W.D.'s private communications, and therefore deny the same. It is also denied that W.D., B.D., or D.D. caused harm to the plaintiffs, and that W.D. had a known prior history of concerning behaviors. As to all remaining allegations in this paragraph,

W.D., B.D., and D.D. lack knowledge of information sufficient to form a belief as to the truth thereof and, therefore, deny the same.

117. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D specifically deny any allegation that they caused harm to the plaintiffs and, because W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof, W.D., B.D., and D.D. deny all remaining allegations in this paragraph of the Complaint.

118. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D specifically deny any allegation that they caused harm to the plaintiffs and, because W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof, W.D., B.D., and D.D. deny all remaining allegations in this paragraph of the Complaint.

119. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D specifically deny any allegation that they caused harm to the plaintiffs and, because W.D., B.D., and D.D. lack knowledge

or information sufficient to form a belief as to the truth thereof, W.D., B.D., and D.D. deny all remaining allegations in this paragraph of the Complaint.

120. The averments in this paragraph are directed at parties other than W.D., B.D., and D.D., so no response is required. Moreover, this paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, W.D., B.D., and D.D specifically deny any allegation that they caused harm to the plaintiffs and, because W.D., B.D., and D.D. lack knowledge or information sufficient to form a belief as to the truth thereof, W.D., B.D., and D.D. deny all remaining allegations in this paragraph of the Complaint.

*PRAYER FOR RELIEF*

W.D., B.D., and D.D. deny that the plaintiffs are entitled to any relief, including any of the relief set forth in the "Prayer for Relief" section of the Complaint.

## AFFIRMATIVE DEFENSES

1. W.D. faced charges for violations of 18 Pa. C.S. §6312(b)(2) and 18 Pa. C.S. § 903 related to the AI-generated images. He was adjudicated delinquent in the juvenile court pursuant to his admission to these violations. Accordingly, W.D. faced punishment. The Plaintiffs attempt to bring claims against W.D. pursuant to 18 U.S.C. § 2255 which provides for $150,000 in liquidated damages. The damages

provided by this statute which was enacted by the government are tantamount to a civil penalty, are barred by double jeopardy given his adjudication of delinquency.

2. W.D. faced charges for violations of 18 Pa. C.S. §6312(b)(2) and 18 Pa. C.S. § 903 related to the AI-generated images. He was adjudicated delinquent in the juvenile court pursuant to his admission to these violations. As a result, W.D. faced punishment. Because punitive damages are punitive in nature, the Plaintiffs' claim for punitive damages are barred by double jeopardy given his adjudication of delinquency.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

Date: August 17, 2026

*<u>/s/ Michael P. Leahey</u>*
Michael P. Leahey, PA I.D. #92933
1 PPG Place 1500
Pittsburgh, PA 15222
(412) 594-5657 | MLeahey@tuckerlaw.com

Heidi R. Freese, PA I.D. #87668
Madelyn R. Snyder, PA I.D. #332198
300 Corporate Center Drive, Ste. 200
Camp Hill, PA 17011
(717) 221-7967 | HFreese@tuckerlaw.com
(717) 221-7980 | MSnyder@tuckerlaw.com

## CERTIFICATE OF SERVICE

I, Michael P. Leahey, Esquire, hereby certify that I served a true and correct copy of the foregoing document on this date via the Court's Electronic Filing System, as follows:

Nadeem A. Bezar
Grace Grimes
KLINE & SPECTER PC
1525 Locust St.
Philadelphia, PA 19102
nadeem.bezar@klinespecter.com
grace.grimes@klinespecter.com
*Counsel for Plaintiffs*

Joshua David Hill
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
1818 Market Street, Ste. 3402
Philadelphia, PA 19103
jdh@pietragallo.com
*Counsel for K.S. & W.S.*

Christopher A. Sarno
CLYMER MUSSER & SARNO, PC
408 W. Chestnut St.
Lancaster, PA 17603
chris@clymerlaw.com
*Counsel for N.S.*

TUCKER ARENSBERG, P.C.

Date: August 17, 2026

*/s/ Michael P. Leahey*
Michael P. Leahey, PA I.D. #92933
1 PPG Place 1500
Pittsburgh, PA 15222
(412) 594-5657 | MLeahey@tuckerlaw.com