**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANE DOE PLAINTIFFS 1-13, et al.,<br>Plaintiffs,<br>v.<br>LANCASTER COUNTRY DAY SCHOOL, et al.,<br>Defendants. | : | No. 5:26-cv-04120-JLS<br>JURY TRIAL DEMANDED |

**ANSWER TO FIRST AMENDED COMPLAINT**
**BY LANCASTER COUNTRY DAY SCHOOL**

Defendant Lancaster Country Day School (LCDS), by its undersigned counsel, answers Plaintiffs' First Amended Complaint (doc. 23) as follows:

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

## THE PARTIES

6. LCDS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph because Plaintiffs have withheld their identities from LCDS.

7. LCDS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph because Plaintiffs have withheld their identities from LCDS.

8. Admitted in part; denied it part. LCDS admits the allegations in sentence one of this paragraph and admits sentence three insofar as LCDS admits Plaintiffs are alleging negligence claims against LCDS. LCDS denies it acted negligently. LCDS lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentence two because Plaintiffs have withheld their identities from LCDS. As to sentence four, LCDS denies that it, or any of its agents, apparent agents, ostensible agents, servants, partners, and/or employees acted negligently. LCDS denies as conclusions of law the remainder of the allegations in sentence four.

9. Denied.

10. Admitted.

11. Admitted.

12. LCDS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## JURISDICTION AND VENUE

13. Admitted.

14. Admitted.

15. Admitted.

## FACTUAL ALLEGATIONS

16. Admitted.

17. Admitted in part; denied in part. LCDS denies the allegations in this paragraph insofar as Plaintiffs allege the Child Protective Services Law (CPSL)

requires a mandatory report be made to *both* Childline "and to law enforcement." To the contrary, a mandatory report under the CPSL must go to the Department of Human Services; reports to any other entity are not required by the CPSL. 23 Pa.C.S. § 6313(a); *see also* 23 Pa.C.S § 6305(a)-(b); 23 Pa.C.S. § 6319(a)(4). Further, insofar as Plaintiffs allege that reports to ChildLine can only be made by phone, that allegation is also denied. Mandatory reports to the Department of Human Services can also be made electronically. *See* 23 Pa.C.S §§ 6305(a)-(b), 6313(a)(1). LCDS admits the remaining allegations in this paragraph.

18. Denied. LCDS denies the allegations in sentence one of this paragraph because the cited provision of the CPSL concerns photographs, medical tests, and x-ray and not whether mandatory reports are delegable. LCDS denies the allegations in the second sentence of this paragraph as stated. Under 23 Pa.C.S. § 6311(c) of the CPSL, only one staff member of a school must submit a mandatory report on behalf of the school where such a report is required. The school, and other staff members, may rely on that report.

19. Admitted in part; denied in part. LCDS admits the allegations in sentences one and two of this paragraph. LCDS denies the allegations in sentence three of this paragraph because LCDS did not voluntarily participate in the S2SS program, rather, such participation is mandatory by law. LCDS specifically denies it violated any duty owed to any Plaintiff.

20. Admitted in part; denied in part. LCDS admits the allegations in sentence one of this paragraph. LCDS denies the allegations in the remaining sentences of this paragraph.

21. Admitted in part; denied in part. LCDS denies the allegations in sentence one of this paragraph. LCDS admits the allegations in sentence two of this paragraph.

22. LCDS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23. LCDS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24. Denied as stated. On Saturday, November 25, 2023, an anonymous tipster sent a tip to the Pennsylvania Office of Attorney General (OAG) using the Safe2Say Something Program. An investigative analyst at the OAG then sent a report about the tip to LCDS. The tip report referenced "rumors" and information from unidentified persons who were not the tipster about W.D. possessing images of students made using artificial intelligence. The anonymous tip did not include any of the following: the name of the tipster, the name of any victim, the name of any witness, any non-rumor/non-hearsay information possessed by the tipster, or any of the images. The tip also did not clearly say that the subject of the tip, W.D., had himself used artificial intelligence to create images. Instead, the tip was written to be read in one of two ways: (1) W.D. possessed images he created; or (2) W.D. possessed images created by someone else. The second interpretation was

supported by information supplied with the tip, which described the tip as involving a "sexting" event. The tip did not mention N.S.

25. Admitted in part; denied in part. LCDS admits the allegations in sentence one of this paragraph. LCDS denies the allegations in sentence two of this paragraph.

26. Admitted in part; denied in part. As to the first sentence of this paragraph, LCDS admits that no LCDS administrator or staff member reported the tip to Childline or to the Manheim Township Police. LCDS denies that the content of the tip was subject to a mandatory report under the CPSL. LCDS denies that it did not report the content of the tip to "any other law enforcement agency." LCDS received the tip from a law enforcement agency: the OAG, *see* 24 P.S. §§ 13-1302-D & 13-1303-D. LCDS reported the full results of its investigation into the tip back to the OAG, a law enforcement agency, on December 4, 2023. Upon information and belief, the OAG did not read the content of LCDS's follow up investigation report until many months later.

As to the second sentence of this paragraph, LCDS admits it investigated the tip by interviewing the only student identified in the tip: W.D. LCDS denies the investigation was inadequate. LCDS investigated the tip by having two members of staff interview W.D. at school during school hours. W.D. denied the substance of the tip. Unbeknownst to LCDS at the time, W.D.'s denials to LCDS were false and he knew his denials to be false. W.D.'s denials to LCDS were uttered with intent to deceive LCDS. Through his deceit, W.D. intended to induce LCDS not to act

adversely to him and intended to prevent exposure of his AI image-generation scheme. After the two LCDS staff members interviewed W.D., one of the staff members spoke separately with B.D., W.D.'s mother, about the interview of W.D. B.D. promised to follow up with W.D. and report back to LCDS if she learned anything different about the matter. B.D. never reported back to LCDS, leaving LCDS to believe that B.D. had not discovered information from W.D. that verified the substance of the tip. Lacking corroboration of the tip from W.D. or his mother, and lacking (i) any of the alleged images, (ii) the identity of the tipster, (iii) the identity of any witness, or (iv) the identity of any victim, LCDS reported the results of its investigation back to the Attorney General via the Safe2Say software, doing so shortly after the interview of W.D. and his mother. The Attorney General did not ask anything further of LCDS, meaning it never instructed LCDS to conduct any follow up investigation or to contact a different law enforcement agency. Solely after each of the foregoing investigatory steps and follow up with the Attorney General did LCDS close its inquiry into the tip.

27. Admitted in part; denied in part. LCDS denies that it did not contact law enforcement, and incorporates by reference its answer to paragraph 26. By way of further response, no potential victims were notified because no potential victims were identifiable from the tip nor from the investigation.

28. Denied. LCDS denies that it failed to act. By way of further response, LCDS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

29. LCDS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

30. LCDS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

31. Admitted in part; denied in part. LCDS admits that the images became a topic of conversation on the LCDS campus. LCDS admits that the conduct of W.D. and, much later, N.S. was reported to LCDS during school hours. LCDS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

32. Denied. By way of further response, LCDS denies that it failed to take appropriate action in response to the Safe2Say tip. LCDS interviewed the only named student, interviewed his mother, and reported the results of its interviews to the Attorney General. Plaintiffs' allegation that new victimization would not have occurred had LCDS done more is speculation.

33. Admitted in part; denied in part. LCDS admits the allegations in sentence one of this paragraph. LCDS admits the report was made by a parent. LCDS denies that the report was the only report made to the Manheim Township Police. LCDS staff participated in an in-person interview with the Manheim Township Police in May 2024 and participated in at least one follow up phone call with the Manheim Township Police in May 2024.

34. Admitted in part; denied in part. LCDS denies the allegations in sentence one of this paragraph. LCDS admits that neither W.D. nor N.S. were

formally expelled, but each was forced to withdraw by LCDS. By way of further response, LCDS would have had no reason to expel N.S. in May 2024 because LCDS did not know of his participation in generating the AI images and LCDS did not learn of his participation until many months later.

35. Denied. By way of further response, LCDS specifically denies it obstructed the investigation or discouraged participation in it in any way. To the contrary, LCDS provided information to law enforcement as and when requested, including assisting in identifying students in the images. LCDS further specifically denies that Lindsay Deibler-Wallace told concerned parents that "boys will be boys" in response to the AI images or in response to any inquiry about LCDS's response. More fully, Deibler-Wallace told two parents, in a private meeting between her, those parents, and their student, that some boys, in general, will look at pornography.

36. Denied.

37. LCDS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

38. Denied. By way of further response, LCDS understands that W.D. and N.S. were tried as minors and accordingly were adjudged delinquent.

39. LCDS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

40. LCDS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

41. LCDS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

42. Denied.

## CAUSES OF ACTION

## COUNT I

43. LCDS incorporates by reference its responses to each of the preceding paragraphs in this Answer as if fully set forth herein.

44. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

45. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

46. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

## COUNT II

47. LCDS incorporates by reference its responses to each of the preceding paragraphs in this Answer as if fully set forth herein.

48. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

49. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

50. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph.

51. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

**COUNT III**

52. LCDS incorporates by reference its responses to each of the preceding paragraphs in this Answer as if fully set forth herein.

53. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph.

54. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

55. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

56. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

**COUNT IV**

57. LCDS incorporates by reference its responses to each of the preceding paragraphs in this Answer as if fully set forth herein.

58. This paragraph is not directed at LCDS. To the extent a response is required, LCDS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

59. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph. By way of further response, lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

60. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

**COUNT V**

61. LCDS incorporates by reference its responses to each of the preceding paragraphs in this Answer as if fully set forth herein.

62. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph.

63. This paragraph is not directed at LCDS. To the extent a response is required, LCDS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, LCDS denies that N.S. was mentioned in the Safe2Say tip.

64. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph.

65. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph.

## COUNT VI

66. LCDS incorporates by reference its responses to each of the preceding paragraphs in this Answer as if fully set forth herein.

67. Denied.

68. Denied.

69. Denied.

## COUNT VII

70. LCDS incorporates by reference its responses to each of the preceding paragraphs in this Answer as if fully set forth herein.

71. Denied.

72. Denied. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient

to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

73. Denied.

74. Denied. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

75. Denied. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

**COUNT VIII**

76. This Court dismissed this Count by Order dated August 26, 2026 (doc. 30); accordingly, no response is required.

77. This Court dismissed this Count by Order dated August 26, 2026 (doc. 30); accordingly, no response is required.

78. This Court dismissed this Count by Order dated August 26, 2026 (doc. 30); accordingly, no response is required.

79. This Court dismissed this Count by Order dated August 26, 2026 (doc. 30); accordingly, no response is required.

80. This Court dismissed this Count by Order dated August 26, 2026 (doc. 30); accordingly, no response is required.

81. This Court dismissed this Count by Order dated August 26, 2026 (doc. 30); accordingly, no response is required.

**COUNT IX**

82. LCDS incorporates by reference its responses to each of the preceding paragraphs in this Answer as if fully set forth herein.

83. Admitted.

84. Denied.

85. Denied.

86. Denied. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

87. Denied. By way of further response, LCDS incorporates by reference its set forth in paragraphs 24 and 26 of this Answer.

88. Denied. By way of further response, LCDS incorporates by reference its set forth in paragraphs 24 and 26 of this Answer.

89. Denied. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

90. Denied. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient

to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

**COUNT X**

91. LCDS incorporates by reference its responses to each of the preceding paragraphs in this Answer as if fully set forth herein.

92. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph.

93. This paragraph is not directed at LCDS. To the extent a response is required, LCDS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

94. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

95. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph. By way of further response, because Plaintiffs have not revealed their

identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

**COUNT XI**

96. LCDS incorporates by reference its responses to each of the preceding paragraphs in this Answer as if fully set forth herein.

97. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph.

98. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph.

99. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph.

100. This paragraph is not directed at LCDS. To the extent a response is required, LCDS denies as conclusions of law the allegations set forth in this paragraph. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

**COUNT XII**

101. LCDS incorporates by reference its responses to each of the preceding paragraphs in this Answer as if fully set forth herein.

102. Denied. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

103. Denied. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

104. Denied. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

105. Denied. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

106. Denied. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

## COUNT XIII

107. This Court dismissed this Count by Order dated August 26, 2026 (doc. 30); accordingly, no response is required.

108. This Court dismissed this Count by Order dated August 26, 2026 (doc. 30); accordingly, no response is required.

109. This Court dismissed this Count by Order dated August 26, 2026 (doc. 30); accordingly, no response is required.

110. This Court dismissed this Count by Order dated August 26, 2026 (doc. 30); accordingly, no response is required.

111. This Court dismissed this Count by Order dated August 26, 2026 (doc. 30); accordingly, no response is required.

112. This Court dismissed this Count by Order dated August 26, 2026 (doc. 30); accordingly, no response is required.

113. This Court dismissed this Count by Order dated August 26, 2026 (doc. 30); accordingly, no response is required.

## COUNT XIV

114. LCDS incorporates by reference its responses to each of the preceding paragraphs in this Answer as if fully set forth herein.

115. Denied. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

116. Denied. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

117. Denied. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

118. Denied. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

119. Denied. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

120. Denied. By way of further response, because Plaintiffs have not revealed their identities to LCDS, LCDS lacks knowledge or information sufficient to form a belief about the truth of any factual allegations in this paragraph as it concerns Plaintiffs.

## AFFIRMATIVE DEFENSES

121. The First Amended Complaint fails to state a claim upon which relief can be granted.

122. The claims in the First Amended Complaint are barred in whole or in part by the gist of the action doctrine.

123. The claims in the First Amended Complaint are time-barred by the applicable statutes of limitations.

## PRAYER FOR RELIEF

WHEREFORE, Defendant LCDS respectfully requests that the Court:

A. Enter judgment in LCDS's favor on all claims in the First Amended Complaint;

B. Award LCDS its reasonable costs and fees; and

C. Grant LCDS such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendant LCDS demands a trial by jury on all issues triable by a jury set forth in the First Amended Complaint.

Respectfully submitted,

Date: September 9, 2026

/s/ Joshua J. Voss
Ronald H. Pollock, Jr. (No. 52586)
Rory O. Connaughton (No. 78775)
Joshua J. Voss (No. 306853)
SAXTON & STUMP
280 Granite Run Drive, Suite 300
Lancaster, PA 17601
P: 717-556-1000 | F: 717-441-3810
rhp@saxtonstump.com
rconnaughton@saxtonstump.com
jvoss@saxtonstump.com

*Counsel for Lancaster Country Day School*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused Lancaster Country Day School's Answer to First Amended Complaint to be electronically filed on the date listed below through the Court's CM/ECF system and that the documents are available for viewing and download from the Court's CM/ECF system.

Date: September 9, 2026

/s/ Joshua J. Voss

Joshua J. Voss (No. 306853)
SAXTON & STUMP
280 Granite Run Drive, Suite 300
Lancaster, PA 17601
P: 717-556-1000 | F: 717-441-3810
jvoss@saxtonstump.com

*Counsel for Lancaster Country Day School*